UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DIANE JONES**<br>622 Wynnewood Road<br>Philadelphia, PA 19151<br><br>        Plaintiff,<br><br>    v.<br><br>**CITY OF PHILADELPHIA d/b/a PHILADELPHIA DEPARTMENT OF HUMAN SERVICES**<br>1515 Arch Street<br>Philadelphia, PA 19102<br><br>and<br><br>**STEPHEN MORRISON, individually and in his official capacity**<br>Philadelphia Department of Human Services<br>1515 Arch Street<br>Philadelphia, PA 19102<br><br>and<br><br>**EMPLOYEES OF THE PHILADELPHIA DEPARTMENT OF HUMAN SERVICES (involved in the breach of confidential information), individually and in their official capacities**<br>Philadelphia Department of Human Services<br>1515 Arch Street<br>Philadelphia, PA 19102<br><br>        Defendants. | DOCKET NO. 2:25-cv-06904-GJP<br><br>**JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

This action arises from the unlawful disclosure of a mandated reporter's confidential identity by employees of the Philadelphia Department of Human Services ("DHS"), an agency of the City of Philadelphia. Pennsylvania law strictly prohibits and criminalizes the unauthorized disclosure of a mandated reporter's identity because such disclosure foreseeably exposes

reporters to retaliation, harassment, and threats to personal safety. Despite these mandatory protections, DHS employees disclosed Plaintiff's identity to an unauthorized individual, triggering widespread harassment, reputational harm, fear for Plaintiff's safety, and severe emotional distress, while undermining the statutory and constitutional protections designed to encourage the reporting of suspected child abuse.

## PARTIES

1. Plaintiff Diane Jones ("Plaintiff") is an adult individual residing at the above-captioned address.

2. Defendant City of Philadelphia ("City"), acting through its agency, the Philadelphia Department of Human Services ("DHS"), is a municipal entity responsible for receiving, investigating, and safeguarding confidential child-abuse reports and mandated reporter information.

3. Defendant Stephen Morrison and Defendants John/Jane Doe employees of DHS (collectively, the "Disclosers") were, at all relevant times acting recklessly, intentionally, with gross negligence, negligence, and/or negligence per se, involved in criminally prohibited behavior, and acted outside the lawful and authorized scope of their employment, notwithstanding that they acted under color of state law and/or individually, jointly, and/or severely.

## JURISDICTION AND VENUE

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 1983.

5. This Court has supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367.

6. Venue is proper under 28 U.S.C. § 1391(b), as the events giving rise to the claims occurred in this District.

## OPERATIVE FACTS

7. Plaintiff is a mandated reporter under Pennsylvania law.

8. In or around 2023, Plaintiff submitted a confidential report to DHS concerning suspected child abuse involving a minor.

9. The Child Protective Services Law ("CPSL"), 23 Pa.C.S. § 6301 et seq., mandates that the identity of a mandated reporter remain confidential and prohibits disclosure except in narrowly defined circumstances not present here.

10. Pennsylvania law treats unauthorized disclosure of a mandated reporter's identity as criminal conduct, reflecting the legislature's determination that such disclosures pose serious risks to reporter safety and the integrity of the child-protection system.

11. In or around November 2023, Plaintiff personally appeared at DHS to follow up on her report and interacted with Defendant Morrison and other DHS personnel.

12. That same day, the child's mother communicated that she knew Plaintiff was the reporter and knew Plaintiff had been at DHS, information that was confidential and could only have come from DHS personnel.

13. Upon information and belief, the Disclosers accessed, confirmed, and/or disclosed Plaintiff's mandated-reporter identity to unauthorized individuals.

14. The disclosure was not accidental, discretionary, or authorized. It violated mandatory statutory duties imposed by the CPSL and involved conduct criminally prohibited by Pennsylvania law.

15. Following the disclosure, Plaintiff was subjected to escalating harassment and a viral social-media attack in or around mid-2024, including public accusations, employer tagging, and threatening commentary, causing Plaintiff fear for her personal safety and professional standing.

16. Plaintiff required medical and psychological treatment as a result of the disclosure and its consequences.

17. Plaintiff repeatedly sought information and assistance from DHS. DHS delayed acknowledging the breach despite having exclusive control over the confidential information.

18. DHS ultimately confirmed in writing that Plaintiff's confidential identity had been improperly disclosed. That admission came after prior lengthy correspondence from DHS where there had been no acknowledgment that a breach occurred.

19. Plaintiff possessed a legally protected entitlement and liberty interest in the confidentiality of her identity as a mandated reporter. Defendants deprived Plaintiff of that protected interest without notice, safeguards, or meaningful procedures to prevent or remedy the disclosure.

20. The disclosure of mandated-reporter identities chills protected speech and deters individuals from reporting suspected child abuse, directly undermining the purpose of the CPSL.

21. At all relevant times, DHS operated as an agency and policymaking arm of the City. The City, through DHS, maintained policies, customs, and practices that failed to adequately train, supervise, and discipline employees regarding mandatory confidentiality obligations.

22. The Disclosers' conduct constituted willful, reckless, intentional, grossly negligent, negligent, and/or negligent per se misconduct, involved criminally prohibited behavior, and was undertaken outside the lawful and authorized scope of their employment, notwithstanding that they acted under color of state law and/or individually, jointly, and/or severely.

23. As a result of the aforesaid disclosure, Plaintiff experienced significant emotional distress, sought medical intervention and counseling for treatment of anxiety and depression, was prescribed medication and therapy, and felt unsafe at work. Plaintiff's treatment plan is ongoing.

## COUNT I
### VIOLATION OF PROCEDURAL AND SUBSTANTIVE DUE PROCESS
**Fourth and Fourteenth Amendment – 42 U.S.C. § 1983**

24. Plaintiff incorporates the foregoing paragraphs as if set forth at length herein.

25. Plaintiff possessed protected liberty and privacy interests in maintaining the confidentiality of her identity as a mandated reporter, including a reasonable expectation that the government would not disclose such information absent lawful justification.

26. Defendants, acting under color of state law, deprived Plaintiff of those protected interests by unlawfully disclosing her confidential identity.

27. Defendants' conduct created and increased a foreseeable risk of harm to Plaintiff, interfered with her personal security and autonomy, and was so egregious and unjustified as to shock

the conscience, in violation of substantive due process.

28. Defendants further deprived Plaintiff of her protected privacy interests without constitutionally adequate procedures, including notice, safeguards, or meaningful pre- or post-deprivation remedies, in violation of procedural due process, such as the notice and opportunity to be heard as regards to the release of Plaintiff's information.

29. The City, acting through DHS, caused these due process violations through its policies, customs, and deliberate indifference, which were the moving force behind Plaintiff's injuries.

30. Plaintiff suffered damages as a direct and proximate result of Defendants' due process violations.

## COUNT II
## NEGLIGENCE / NEGLIGENCE PER SE

31. Plaintiff incorporates the foregoing paragraphs as if set forth at length herein.

32. The Disclosers owed Plaintiff a duty to safeguard her confidential mandated-reporter identity.

33. That duty arose under common law and from mandatory statutory obligations imposed by the CPSL.

34. By disclosing Plaintiff's identity in violation of those statutory duties, the Disclosers were grossly negligent, negligent and/or negligent per se. The Disclosers' actions constituted willful, reckless, intentional, grossly negligent, negligent, negligent per se misconduct and/or involved criminally prohibited conduct and were undertaken outside the lawful scope of their employment.

35. Plaintiff suffered damages as a direct and proximate result.

## COUNT III
## VIOLATION OF THE CHILD PROTECTIVE SERVICES LAW
## 23 Pa.C.S. § 6301 et seq.

36. Plaintiff incorporates the foregoing paragraphs as if set forth at length herein.

37. The CPSL was enacted to protect children and to encourage the reporting of suspected abuse by guaranteeing confidentiality to mandated reporters.

38. The statute imposes mandatory duties on DHS and its employees to maintain the confidentiality of reporter identities and criminalizes unauthorized disclosure.

39. Plaintiff is within the class of persons the CPSL was intended to protect.

40. Defendants violated the CPSL by disclosing Plaintiff's confidential identity to unauthorized individuals.

41. The harm suffered by Plaintiff is the precise harm the CPSL was designed to prevent.

42. Recognizing a private cause of action under the CPSL is consistent with legislative intent, public policy, and the statute's purpose of protecting reporters and ensuring the integrity of the child-protection system.

43. Plaintiff suffered damages as a direct and proximate result.

**WHEREFORE**, Plaintiff demands judgment in her favor and against Defendants individually, jointly and/or severally, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, including compensatory damages, emotional-distress damages, punitive damages, fees, costs, interest, and such other relief as the Court deems just and proper, and other equitable and injunctive relief providing restitution for past violations and preventing future violations, including training, supervision, and discipline.

                      **WEISBERG LAW**

                      */s/ David Berlin*
                      David A. Berlin, Esquire
                      Matthew B. Weisberg, Esq.
                      Gary Schafkopf, Esq.
                      Lisa M. Claire, Esq
                      Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| **DIANE JONES** | : |
| Plaintiff | : NO. 2:25-cv-06904-GJP |
| v. | : |
|  | : JURY TRIAL DEMANDED |
| **CITY OF PHILADELPHIA d/b/a** | : |
| **PHILADELPHIA DEPARTMENT OF** | : |
| **HUMAN SERVICES, et al.** | : |
| Defendants. | : |

**CERTIFICATE OF SERVICE**

I, David Berlin, Esquire, hereby certify that on this 6th day of February 2026, a true and correct copy of the foregoing Complaint was served via e-filing on all parties of record:

Lisa Swiatek, Esq.
CITY OF PHILADELPHIA LAW DEPT
1515 ARCH STREET
15TH FLOOR
PHILADELPHIA PA 19102
(215)205-3432
lisa.swiatek@phila.gov

 

WEISBERG LAW

*/s/ David Berlin*
David A. Berlin, Esquire
Matthew B. Weisberg, Esq.
Gary Schafkopf, Esq.
Lisa M. Claire, Esq
Attorneys for Plaintiff