**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

DIANE JONES,

*Plaintiff,*

v.

CITY OF PHILADELPHIA, et al.,

*Defendants.*

CIVIL ACTION
NO. 25-6904

**Pappert, J.**                                        **April 14, 2026**

**MEMORANDUM**

Diane Jones sued the City of Philadelphia, Stephen Morrison, and unnamed employees at the Philadelphia Department of Human Services, alleging violations of the Fourth Amendment, her substantive and procedural due process rights under the Fourteenth Amendment, negligence, negligence *per se*, and the Pennsylvania Child Protective Services Law. Defendants moved to dismiss and in response to that motion Jones voluntarily dismissed the state law claims without prejudice and moved for limited discovery on the constitutional claims. The Court grants Defendants' motions, denies Jones's motion, and dismisses the Fourth Amendment and substantive due process claims with prejudice and the procedural due process claim without prejudice.

I

In 2023, Diane Jones—a "mandated reporter" under the CPSL—told the Philadelphia Department of Human Services that she thought a child was being abused. *See* (Am. Compl. ¶¶ 7–8, Dkt. No. 20). She went to DHS in November of 2023 to follow up on her report with Stephen Morrison and other DHS employees. (*Id.* ¶ 11.) That same day, the child's mother told Jones she "knew [she] was the reporter and . . .

1

had been at DHS." (*Id.* ¶ 12.)  Jones asked DHS how the mother learned about the confidential information, and it "confirmed in writing" to "improperly disclos[ing]" her report.  *See* (*Id.* ¶ 18).  The CPSL prohibits the unauthorized disclosure of a reporter's identity except in narrow circumstances, *see* (*id.* ¶ 9), and other state laws make disclosure a crime, *see* (*id.* ¶ 10).

Around mid-2024, Jones "was subjected to escalating harassment and a viral social-media attack" related to her report, which included "public accusations, employer tagging, and threatening commentary." (*Id.* ¶ 15.)  She feared for her safety and professional standing and sought medical and psychological treatment for ongoing anxiety and depression.  (*Id.* ¶¶ 15–16, 23.)

## II

To avoid dismissal under Federal Rule of Civil Procedure 12(b)(6), a complaint must "state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible if the plaintiff pleads facts from which the Court can infer "that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  Although this "plausibility standard is not akin to a 'probability requirement,'" it demands "more than a sheer possibility that a defendant has acted unlawfully."  *Id.* (quoting *Twombly*, 550 U.S. at 556).

Assessing plausibility under *Twombly* and *Iqbal* is a three-step process.  *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016).  Step one is to "take note of the elements the plaintiff must plead to state a claim."  *Id.* (alterations omitted) (quoting *Iqbal*, 556 U.S. at 675).  Next, the Court should identify allegations that,

"because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* (quoting *Iqbal*, 556 U.S. at 679).  Finally, for all "well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* (alteration in original) (quoting *Iqbal*, 556 U.S. at 679).  If the well-pleaded facts do not nudge the "claims across the line from conceivable to plausible," the Court must dismiss the complaint. *Twombly*, 550 U.S. at 570.

III

For a plaintiff to recover under 42 U.S.C. § 1983, she must establish the defendant acted under color of state law to deprive her of a right secured by the Constitution.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).  Jones alleges § 1983 claims under the Fourth Amendment, Fourteenth Amendment substantive and procedural due process, and *Monell v. Department of Social Services*, 436 U.S. 658 (1978).  (Am. Compl. at 5–7); (Pl.'s Resp. in Opp'n at 10–13, Dkt. No. 27.)

A

Jones claims a right to privacy under the Fourth Amendment.  *See* (Am. Compl. at 5–6); (Pl.'s Resp. in Opp'n at 10–12).  But the Third Circuit Court of Appeals "locates this right within the Fourteenth Amendment," not the Fourth.  *See Doe v. Luzerne County*, 660 F.3d 169, 176 n.5 (3d Cir. 2011).  And Jones never alleges Defendants searched or seized her.  *See* U.S. Const. amend. IV; *Terry v. Ohio*, 392 U.S. 1, 16 (1968) (holding the Court's "first task" is to determine whether a search or seizure occurred).

B

1

With respect to her Fourteenth Amendment claims, Jones first contends she has a substantive due process right to privacy. *See* (Am. Compl. at 5–6). The "right to privacy" protects "only highly personal matters" that implicate "the most intimate aspects of human affairs." *Nunez v. Pachman*, 578 F.3d 228, 231–32 (3d Cir. 2009) (internal quotation marks and citation omitted). That includes two types of privacy rights. The first is "the individual interest in avoiding disclosure of personal matters." *Hedges v. Musco*, 204 F.3d 109, 121 (3d Cir. 2000) (internal quotation marks and citation omitted). The second is "the interest in independence in making certain kinds of important decisions." *C.N. v. Ridgewood Bd. of Educ.*, 430 F.3d 159, 178 (3d Cir. 2005). The first "is a right to confidentiality," and the second "is a right to autonomy."[1] *Malleus*, 641 F.3d at 564. Jones alleges only that Defendants violated her confidentiality. *See* (Am. Compl. ¶ 25).

The right to confidentiality "is limited to facts and an individual's interest in not disclosing those facts about himself or herself." *Malleus*, 641 F.3d at 565. The information for which the plaintiff claims a privacy right must fall "within an individual's reasonable expectations of confidentiality. The more intimate or personal the information, the more justified is the expectation that it will not be subject to public scrutiny." *Fraternal Ord. of Police, Lodge No. 5 v. City of Philadelphia*, 812 F.2d 105, 112–13 (3d Cir. 1987). This information largely "consists of three categories: sexual

---

[1] Once the plaintiff establishes a privacy right, the Court must balance the government's interest in disclosure against the individual's privacy interest. *See Doe*, 660 F.3d at 178. Because Jones does not do so, the Court need not reach this step.

4

information, medical information, and some financial information." *Malleus*, 641 F.3d at 565 (citations omitted). Courts have been "reluctant to expand" these categories and will typically only do so when information involves "deeply rooted notions of fundamental personal interests derived from the Constitution." *Nunez*, 578 F.3d at 232 (first quoting *Eagle v. Morgan*, 88 F.3d 620, 625 (8th Cir. 1996); then quoting *Mangels v. Pena*, 789 F.2d 836, 839 (10th Cir. 1986)).

Jones frames her privacy right in three ways, none of which succeed. First, she asserts a privacy interest in "maintaining the confidentiality of her identity as a mandated reporter." (Am. Compl. ¶ 25.) DHS purportedly disclosed her report on "suspected child abuse involving a minor." (*Id.* ¶ 8.) But Jones reported her opinion about someone else—not "intimate facts about [herself]." *Malleus*, 641 F.3d at 565. Nor did she divulge sexual, medical or financial information that warrants constitutional protection, such as her medical records, *Westinghouse Elec. Corp.*, 638 F.2d at 577, prescription medications, *Doe v. Se. Pa. Transp. Auth.*, 72 F.3d 1133, 1138 (3d Cir. 1995), HIV diagnosis, *Doe v. Delie*, 257 F.3d 309, 316 (3d Cir. 2001), sexual identity, *Sterling v. Borough of Minersville*, 232 F.3d 190, 196 (3d Cir. 2000), or debts and salary, *Fraternal Ord. of Police*, 812 F.2d at 115. Whereas such materials reveal "intimate facts of a personal nature," *see Westinghouse Elec. Corp.*, 638 F.2d at 577, a report detailing suspicions of child abuse does not.[2] And nowhere does Jones allege her

---

[2]    To the extent Jones claims a privacy interest in her status as a mandated reporter, *see* (Am. Compl. ¶ 25), that information was already available to the public, *see* 23 Pa. Stat. & Cons. Stat. Ann. § 6311(a) (listing mandated reporters); *Cox Broad. Corp. v. Cohn*, 420 U.S. 469, 494–95 (1975) (indicating public matters don't implicate a privacy interest under the Fourteenth Amendment); *Paul P. v. Verniero*, 170 F.3d 396, 402–04 (3d Cir. 1999) (same).

purported right is "supported by, much less 'deeply rooted' in, the customs and traditions of this nation." *Nunez*, 578 F.3d at 232 (footnote omitted).

The privacy right at issue is similar to one the Third Circuit rejected in *Malleus v. George*. There, the plaintiff shared her opinion about a student's credibility after receiving assurances it would remain confidential. *See Malleus*, 641 F.3d at 562. When the defendants leaked her statements to the press, the plaintiff—like Jones—claimed a privacy right "to share [her] opinion about other individuals privately." *Id.* at 563. The Third Circuit held no such right exists because "[t]he information was voluntarily shared, non-intimate (it was not relating to sexuality, medical records, or financial information), an opinion rather than fact, and about someone else." *Id.* at 565. Similarly here, Jones's report included no intimate information, nor did it have any facts about her. Although she was mandated to report her suspicions, the privacy right does not turn on that fact alone. *See id.* (limiting the right "to facts about himself or herself"). "None of our substantive privacy decisions hold this or anything like this," so the Court "decline[s] to enlarge them in this manner." *Paul v. Davis*, 424 U.S. 693, 713 (1976).

Second, Jones contends "the Child Protective Services Law creates a due process right." (Pl.'s Resp. in Opp'n at 11.) Pennsylvania law does not determine "the scope of the *constitutional* right of privacy," let alone "create" that right. *Nunez*, 578 F.3d at 233 (citation modified). "Mere allegations that an official failed to abide by state law will not suffice to state a constitutional claim." *Id.* (quoting *Nilson v. Layton City,* 45 F.3d 369, 372 (10th Cir.1995)).

6

Third, Jones claims DHS violated her "interest in preserving personal security or bodily integrity." (Pl.'s Resp. in Opp'n at 11–12.) Although unclear whether the Third Circuit recognizes that interest, *see Paul P.*, 170 F.3d at 402, the Sixth Circuit does, *see Kallstrom v. City of Columbus*, 136 F.3d 1055 (6th Cir. 1998). In *Kallstrom*, three undercover officers testified against gang members in a criminal case. *Id.* at 1059. During trial, the City of Columbus disclosed the officers' addresses and phone numbers; the names, addresses, and phone numbers of their relatives; the names and addresses of personal references; their banking institutions and account information; their social security numbers; responses to questions regarding their personal lives; and copies of their drivers' licenses. *Id.* Because the gang had a "propensity for violence" and would "likely . . . seek revenge," the Sixth Circuit held substantive due process protected the officers' personal information. *Id.* at 1063–65.

Jones does not allege a "substantial risk of serious bodily harm" comparable to that in *Kallstrom*. *Id.* at 1064. She claims the child's mother confronted her in November of 2023, *see* (Am. Compl. ¶ 12), and, months later, she faced "escalating harassment" and a "viral social media attack," *see* (*id.* ¶ 15). None of these alleged threats come close to those posed by a drug-dealing gang with a "propensity for violence and intimidation," *see Kallstrom*, 136 F.3d at 1059, nor was the information disclosed here of the same magnitude, *see id.* at 1059, 1064. Such "generalized" allegations "fall well short of the [requisite] substantial, direct, and individualized risk of bodily harm." *Gore v. Lee*, 107 F.4th 548, 564 (6th Cir. 2024).[3]

---

[3] Jones cites *Bloch v. Ribar*, 156 F.3d 673 (6th Cir. 1998), but that case has no bearing on her allegations. There, the Sixth Circuit recognized a "fundamental right of privacy in preventing government officials from gratuitously and unnecessarily releasing the intimate details of [a] rape." *Id.* at 686.

2

Jones's procedural due process claim fails as well.  To state such a claim under § 1983, a plaintiff must allege: "(1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of 'life, liberty, or property,' and (2) the procedures available to him did not provide 'due process of law.'" *Hill v. Borough of Kutztown*, 455 F.3d 225, 233–34 (3d Cir. 2006) (citation omitted). These liberty rights "are broader than those protected by substantive due process" because they may arise from the Constitution, "by reason of guarantees implicit in the word 'liberty,'" or "from an expectation or interest created by state laws or policies." *See Steele v. Cicchi*, 855 F.3d 494, 507 (3d Cir. 2017) (quoting *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005)).

Jones merely alleges in conclusory fashion the same liberty interest as her substantive due process claim, *see* (Am. Compl. ¶ 25), and asserts, without any accompanying factual allegations, that Defendants "deprived [her] of her protected privacy interests without constitutionally adequate procedures," *see* (*id.* ¶ 28); *see also Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2000) ("In order to state a claim for failure to provide due process, a plaintiff must have taken advantage of the processes that are available to him or her, unless those processes are unavailable or patently inadequate.").

C

Without an underlying constitutional violation, Jones cannot state a *Monell* claim.  Section 1983 permits a municipality to be held liable if the plaintiff establishes the municipality's "policy" or "custom" led to a violation of the plaintiff's constitutional

rights. *See Monell*, 436 U.S. at 694–95. It is "well-settled that, if there is no violation in the first place, there can be no derivative municipal claim." *Mulholland v. Gov't Cnty. of Berks*, 706 F.3d 227, 238 n.15 (3d Cir. 2013); *Los Angeles v. Heller*, 475 U.S. 796, 799 (1986).

IV

Finally, Jones seeks expedited discovery toward an amended complaint, *see* (Pl.'s Resp. in Opp'n at 13–15), but she "is not entitled to discovery until she alleges facts sufficient to elevate her claims above the speculative level," *Curran v. Venango County*, No. 23-cv-19, 2023 WL 8374583, at *1 (W.D. Pa. Dec. 4, 2023); *see also Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997) ("[N]either party nor the court have any need for discovery before the court rules on the motion.").

V

Courts should freely give leave to amend a complaint "when justice so requires." Fed. R. Civ. P. 15(a)(2). This rule expresses "a preference for liberally granting leave to amend" unless "amendment would cause undue delay or prejudice, or that amendment would be futile." *Oran v. Stafford*, 226 F.3d 275, 291 (3d Cir. 2000). "Futility" means that "the complaint, as amended, would fail to state a claim upon which relief could be granted." *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000).

For the reasons already discussed, Jones has not "first establish[ed]" rights under the Fourth or Fourteenth Amendments. *Malleus*, 641 F.3d at 563. Because "there is no constitutional right, it does not matter what facts have been provided as there can be no § 1983 claim." *Id.*

9

Amendment would not be futile, however, for her procedural due process claim. Her allegations are conclusory, so Jones may amend that claim consistent with this Memorandum and to the extent she can allege facts sufficient to state a plausible claim for relief.

An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*

Gerald J. Pappert, J.